JEFFREY W. McCOY, No. 317377
Email: JMcCoy@pacificlegal.org
ROBERT H. THOMAS, No. 160367
Email: RThomas@pacificlegal.org
JAMES S. BURLING, No. 113013
Email: JBurling@pacificlegal.org
ERIN E. WILCOX, No. 337427
Email: EWilcox@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

PAUL F. UTRECHT
Email: utrecht@ullawfirm.com
Utrecht & Lenvin, LLP
109 Stevenson Street, 5th Floor
San Francisco, California 94105
Telephone: (415) 357-0600

THOMAS W. CONNORS
Email: tconnors@warnermendenhall.com
Warner Mendenhall, Inc.
190 North Union Street, Suite 201
Akron, Ohio 44304
Telephone: (330) 535-9160

Attorneys for Plaintiffs
Peyman Pakdel and Sima Chgini

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN PAKDEL and SIMA CHEGINI,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>                                    Defendants. | No. 3:17-cv-03638-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT & ORDER**<br><br>Judge: Richard Seeborg |

1    Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and

2    the Standing order for all judges of the Northern District of California, the parties

3    jointly file this written report outlining and proposing a briefing schedule for this

4    case. The Rule 26(f) meeting was held on October 29, 2021, via telephone and zoom.

5    Plaintiffs Peyman Pakdel and Sima Chegini ("Plainitffs" or "Pakdels") were

6    represented by Jeffrey McCoy, Paul Utrecht, and Robert Thomas. Defendant the

7    City and County of San Francisco (sued herein as City and County of San Francisco;

8    San Francisco Board of Supervisors; and San Francisco Department of Public

9    Works) ("Defendant" or "San Francisco") were represented by Kristen A. Jensen and

10   Christopher Tom.

11        **1.    Jurisdiction and Service**

12        Plaintiffs' complaint alleges that this Court has jurisdiction based on federal

13   question jurisdiction because the claims arise under the United States Constitution

14   and federal law, including 42 U.S.C. § 1983. In addition, the complaint alleges that

15   the Court has jurisdiction over all of the claims under 28 U.S.C. §§ 1331 and 1332

16   because of diversity of citizenship and the fact that the amount in controversy exceeds

17   $75,000. Finally, the complaint alleges that this Court has pendent jurisdiction over

18   the state law claims in the complaint, but Plaintiffs anticipate removing those claims

19   in their First Amended Complaint.

20        Defendant denies that Plaintiffs have stated claims under any federal statutory

21   or constitutional law.  The Parties agree that all necessary parties have been served

22   and venue is proper in this District under 28 U.S.C. § 1391 because the claims arose

23   in this District, Defendant is located in this District, and the property at issue is

24   located in this District.

25        **2. Facts**

26        Plaintiffs' Statement:

27        Plaintiffs are residents of Akron Ohio and, in 2009, they purchased a tenancy-

28   in-common interest in a six-unit apartment building in San Francisco. Plaintiffs

filed this suit on June 26, 2017, challenging a City of San Francisco requirement that applicants seeking to convert a tenancy-in-common interest into a condominium interest must offer a lifetime lease to any existing non-owning tenants.

On November 20, 2017, this Court granted Defendant's motion to dismiss all claims. On March 17, 2020, the Ninth Circuit affirmed the dismissal. On June 28, 2021, the Supreme Court issued a per curiam opinion vacating the judgment of the Ninth Circuit. On August 6, 2021, the Ninth Circuit issued an order on remand vacating its previous opinion and memorandum disposition and remanding to this Court for further proceedings.

Defendant's Statement:

Plaintiffs applied to convert their tenancy-in-common interest into a condominium interest under San Francisco's Expedited Conversion Program. That program prohibited the conversion of properties into condominiums where one or more units were occupied by tenants unless the owner of the unit(s) occupied by a tenant agreed to provide that tenant with a lifetime lease in the unit. Plaintiffs agreed to this requirement, offered their tenant a lifetime lease, entered into an agreement with the City acknowledging this agreement, and received their final condominium approval. After they received their final condominium map and recorded this new property interest against title to their property, they requested that San Francisco waive the lifetime lease requirement. Because San Francisco had already granted the condominium map requested by Plaintiffs, it refused, and notified Plaintiffs that they were in violation of the program requirements. This suit followed.

### 3. Legal Issues

Plaintiffs' Statement:

Although Plaintiffs anticipate amending their complaint to remove some claims, the original complaint alleges the following legal issues:

1.  Whether the lifetime lease requirement is an unconstitutional taking of private property for a private purpose.

2.  Whether the lifetime lease requirement is an unconstitutional physical taking of private property

3.  Whether the lifetime lease requirement is an unconstitutional condition and taking of private property

4.  Whether the lifetime lease requirement is an unconstitutional regulatory taking under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124 (1978).

5.  Whether the lifetime lease requirement is an unreasonable seizure.

6.  Whether the lifetime lease requirement is a violation of Due Process

7.  Whether the lifetime lease requirement is an unconstitutional violation of Equal Protection

8.  Whether the lifetime lease requirement violates California's Ellis Act and the Costa Hawkins Act

9.  Whether the lifetime lease requirement violates the Private Right under California Constitution Article I, § 1

Defendant's Statement:

Defendant denies that Plaintiffs can state a claim for relief under any legal theory set forth in its original complaint.  Likewise, Defendant anticipates that it will challenge each claim set forth in the First Amended Complaint for failure to state a claim and/or on the merits.  Neither of the legal authorities cited by Plaintiffs change the merits of Plaintiffs' legal claims, or provide a basis for relief under a takings theory.

**4. Motions**

There are no pending motions. Plaintiffs plan to amend their complaint and Defendant anticipates filing a motion to dismiss after the First Amended Complaint is filed.

1

**5. Amendment of Pleadings**

2      Plaintiffs expect to amend the complaint in light of the Supreme Court's

3 decisions in *Pakdel v. City & County of San Francisco*, 141 S. Ct. 2226 (2021) and

4 *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021). Plaintiffs anticipate that they

5 will also amend to remove the state law claims from their original complaint.

6      **6. Evidence Preservation**

7      The parties have reviewed the Guidelines Relating to the Discovery of

8 Electronically Stored Information ("ESI Guidelines"), and confirm that they have

9 met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and

10 proportionate steps taken to preserve evidence relevant to the issues reasonably

11 evident in this action.

12      **7. Disclosures**

13      The parties have agreed to stay initial disclosures until after Plaintiffs' filing

14 of their First Amended Complaint and this Court's resolution of Defendant's motion

15 to dismiss the First Amended Complaint.

16      **8. Discovery**

17      The parties have agreed to stay discovery until after Plaintiffs' filing of their

18 First Amended Complaint and this Court's resolution of that motion. The parties

19 agree that they may conduct limited discovery if necessary for resolution of the

20 motion to dismiss the First Amended Complaint.

21      **9. Class Actions**

22      This case is not a class action.

23      **10. Related Cases**

24      There are no related cases.

25      **11. Relief**

26      Plaintiffs' complaint request damages in excess of $500,000 resulting from the

27 diminished value of Plaintiffs' property, declaratory relief declaring the lifetime

28 lease requirement unlawful and unconstitutional, injunctive relief enjoining

1  Defendant's from enforcing the lifetime lease requirement, and attorney's fees. The

2  complaint also requests a writ of mandate and an alternative writ under California

3  state law, but Plaintiffs anticipate amending their complaint to remove the claims

4  that arise under state law. Defendant denies that Plaintiffs are entitled to any of the

5  relief requested, and further allege that Plaintiffs are in violation of their obligations

6  under local law.

7  **12. Settlement**

8  The parties have engaged and continue to engage in settlement discussions.

9  The parties, however, do not request that this Court make an ADR referral.

10  **13. Consent to Magistrate Judge for All Purposes**

11  Plaintiffs do not consent to have a magistrate judge conduct all further

12  proceedings, including trial and entry of judgment.

13  **14. Other references**

14  The parties do not believe this case is suitable for reference to binding

15  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16  **15. Narrowing of Issues**

17  The parties agree that the scope of the issues, and scope of discovery, will be

18  defined by this Court's order on Defendant's motion to dismiss the First Amended

19  Complaint.

20  **16. Expedited Trial Procedure**

21  The parties agree that this is not the type of case that can be handled under

22  the Expedited Trial Procedure of General Order 64.

23  **17. Scheduling**

24  The parties propose the following dates for briefing on the First Amended

25  Complaint:

26  -   Plaintiffs will file their First Amended Complaint on or before January 5,

27      2022

28

1        -   Defendant will file its motion to dismiss the First Amended Complaint on
2            or before March 2, 2022.
3        -   Plaintiffs will file their response to the motion to dismiss on or before April
4            13, 2022.
5        -   Defendant will file its reply on or before June 1, 2022.

6    **18. Trial**

7        Plaintiffs reserve their right to make a jury trial demand if and when
8    Defendant files its Answer. The parties will determine the expected length of trial
9    after this Court resolves Defendant's motion to dismiss the First Amended
10   Complaint.

11   **19. Disclosure of Non-party Interested Entities or Persons**

12       The parties will file the "Certification of Interested Entities or Persons"
13   concurrently with this report. In addition to the parties, Plaintiffs identify their
14   tenant, Christopher Swita, as a person who may have an interest that could be
15   substantially affected by the outcome of the proceeding.

16   **20. Professional Conduct.**

17       All attorneys of record for the parties have reviewed the Guidelines for
18   Professional Conduct for the Northern District of California.

19       DATED: November 16, 2021.

20                                          Respectfully submitted,

21                                          JEFFREY W. McCOY
                                            ROBERT H. THOMAS
22                                          JAMES S. BURLING
                                            ERIN E. WILCOX
23                                          PAUL F. UTRECHT
                                            THOMAS W. CONNORS
24

25                                          By /s/ Jeffrey W. McCoy
                                                     JEFFREY W. McCOY
26
                                            Attorneys for Plaintiffs Peyman Pakdel
27                                          and Sima Chgini

28

1

2

Dated: November 16, 2021

3

DAVID CHIU
City Attorney

4

KRISTEN A. JENSEN
CHRISTOPHER TOM

5

Deputy City Attorneys

6

7

By:/s/ Kristen A. Jensen (with consent)
    KRISTEN A. JENSEN

8

Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **CASE MANAGEMENT ORDER**

2     The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED

3 ORDER is approved as the Case Management Order for this case and all parties

4 shall comply with its provisions. [In addition, the Court makes the further orders

5 stated below:]

6     IT IS SO ORDERED.

7

8     Dated: November 29, 2021     _____

9                                     Richard Seeborg
                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28