DAVID CHIU, State Bar #189542
City Attorney
KRISTEN A. JENSEN, State Bar #130196
CHRISTOPHER T. TOM, State Bar #271650
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:     (415) 554-4615
Facsimile:     (415) 554-4757
E-Mail:         kristen.jensen@sfcityatty.org
                christopher.tom@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN PAKDEL and SIMA CHEGINI,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO a Chartered California City and County; SAN FRANCISCO BOARD OF SUPERVISORS, an elected body of the City and County of San Francisco; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, a department of the City and County of San Francisco; and DOES 1-25 inclusive,<br><br>Defendants. | Case No. 3:17-cv-03638-RS<br><br>**[PROPOSED] ORDER**<br><br>Hearing Date:    July 21, 2022<br>Hearing Judge:   Richard Seeborg<br>Time:            1:30 p.m.<br>Place:           Courtroom No. 3<br>                 <u>Attendance by Zoom</u><br><br>Trial Date:      TBD |

On July 21, 2022, the Court heard Defendant City and County of San Francisco's ("San Francisco") Motion to Dismiss the First Amended Complaint for Violation of Federal Civil Rights, etc. ("First Amended Complaint") in this case, the Honorable Richard Seeborg presiding. Deputy City Attorney Kristen A. Jensen appeared for the moving party, Defendant San Francisco; _____ appeared for Plaintiffs Peyman Pakdel and Sima Chegini ("Plaintiffs").

San Francisco's motion was brought under Federal Rule of Civil Procedure Rule 12(b)(6), and asserts that Plaintiffs' First Amended Complaint fails to state facts sufficient to support a claim for relief under any theory.

Having considered the motion and supporting documents, all opposition papers, the complete files and records of this action, and such other evidence or argument presented, the Court hereby finds and orders as follows:

1. San Francisco's Motion is GRANTED IN FULL. The First Amended Complaint fails to state facts sufficient to allege that San Francisco effected an unconstitutional taking of Plaintiffs' property, or seized an interest in Plaintiffs' property, when San Francisco granted Plaintiffs the right to convert their tenancy-in-common property interest into a condominium ownership interest under San Francisco's Expedited Conversion Program. The First Amended Complaint fails to set forth facts establishing either a physical taking, a regulatory taking, or an unlawful seizure. Moreover, plaintiffs were not compelled by the government to convert their TIC into condominiums and, once they voluntarily chose to do so, they accepted a valuable property right from the City in exchange for offering a lifetime lease to their existing tenant. As a result, Plaintiffs fail to state a claim for an unconstitutional condition.

Because Plaintiffs had invited their tenant to lease the property prior to the City's imposition of the lifetime lease requirement, Plaintiffs cannot state a claim for a physical taking. *Yee v. City of Escondido*, 503 U.S. 519 (1992); *F.C.C.. v. Florida Power Corp.*, 480 U.S. 245 (1987). And, because Plaintiffs were aware that the Expedited Conversion Program required them to provide a lifetime lease to their tenant at the time they applied for the valuable property interest they sought, and that San Francisco's Subdivision Code and other state and local law regulated the landlord-tenant relationship, Plaintiffs have not stated a reasonable investment-backed expectation that converting their property from a tenancy-in-common to an individually alienable condominium would not result in further regulation of their landlord-tenant obligations. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984); *Guggenheim v. City of Goleta*, 638 F.3d 1111 (9th Cir. 2010). Similarly, The nature of this exchange is not a "seizure" for purposes of the Fourth Amendment. *Maryland v. Macon*, 472 U.S. 463 (1985).

Finally, equitable relief is not available under the claims asserted in the First Amended Complaint. *Ruckelshaus, supra,* 467 U.S. at 1016.

      2.      Because the record presented with the motion reflects that Plaintiffs' claims cannot be cured by amendment, San Francisco's motion is granted WITHOUT leave to amend.

Dated: _____

                                      _____
                                        Honorable Richard Seeborg