JEFFREY W. McCOY, NO. 317377
Email: JMcCoy@pacificlegal.org
ROBERT H. THOMAS, No. 160367
Email: RThomas@pacificlegal.org
JAMES S. BURLING, No. 113013
Email: JBurling@pacificlegal.org
ERIN E. WILCOX, No. 337427
Email: EWilcox@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

PAUL F. UTRECHT, No. 118658
Email: putrecht@ullawfirm.com
Utrecht & Lenvin, LLP
109 Stevenson Street, 5th Floor
San Francisco, CA 94105
Telephone: (415) 357-0600

THOMAS W. CONNORS
Email: tconnors@warnermendenhall.com
Warner Mendenhall, Inc.
190 North Union Street, Suite 201
Akron, Ohio 44304
Telephone: (330) 535-9160

Attorneys for Plaintiffs
Peyman Pakdel and Sima Chgini

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN PAKDEL and SIMA CHEGINI, <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, a Chartered California City and County; SAN FRANCISCO BOARD OF SUPERVISORS, an elected body of the City | No. 3:17-cv-03638-RS <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> Judge: Richard Seeborg |

1

and County of San Francisco; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, a department of the City and County of San Francisco; and DOES 1–25 inclusive,

Defendants.

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing order for all judges of the Northern District of California, the parties jointly file this written report outlining and proposing a briefing schedule for this case. The Rule 26(f) meeting was held on October 29, 2021, via telephone and zoom. Plaintiffs were represented by Jeffrey McCoy, Paul Utrecht, and Robert Thomas. Defendants were represented by Kristen A. Jensen and Christopher Tom.

1. **Jurisdiction and Service**

   **Plaintiffs' Position:**

Plaintiffs' complaint alleges that this Court has jurisdiction based on federal question jurisdiction because the claims arise under the United States Constitution and federal law, including 42 U.S.C. § 1983. In addition, the complaint alleges that the Court has jurisdiction over all of the claims under 28 U.S.C. §§ 1331 and 1332 because of diversity of citizenship and the fact that the amount in controversy exceeds $75,000.

   **Defendant's Position:**

Defendant denies that Plaintiffs have stated claims under any federal statutory or constitutional law.

The Parties agree that all necessary parties have been served and venue is proper in this District under 28 U.S.C. § 1391 because the claims arose in this District, defendants are located in this District, and the property at issue is located in this District.

**2. Facts**

**Plaintiffs' Statement**:

Plaintiffs are residents of Akron Ohio and, in 2009, they purchased a tenancy-in-common interest in a six-unit apartment building in San Francisco. Plaintiffs filed this suit on June 26, 2017, challenging a City of San Francisco requirement that applicants seeking to convert a tenancy-in-common interest into a condominium interest must offer a lifetime lease to any existing non-owning tenants.

On November 20, 2017, this Court granted Defendants' motion to dismiss all claims. On March 17, 2020, the Ninth Circuit affirmed the dismissal. On June 28, 2021, the Supreme Court issued a per curiam opinion vacating the judgment of the Ninth Circuit. On August 6, 2021, the Ninth Circuit issued an order on remand vacating its previous opinion and memorandum disposition and remanding to this Court for further proceedings.

On October 25, 2022, this Court granted in part and denied in part the City's motion to dismiss. The Court allowed plaintiffs leave to amend certain claims and plaintiffs elected not to further amend their complaint.

Plaintiffs intend to appeal that order after a final judgment is entered in the case.

**Defendant's Statement**:

Plaintiffs applied to convert their tenancy-in-common interest into a condominium interest under San Francisco's Expedited Conversion Program. That program prohibited the conversion of properties into condominiums where one or more units were occupied by tenants unless the owner of the unit(s) occupied by a tenant agreed to provide that tenant with a lifetime lease in the unit. Plaintiffs agreed to this requirement, offered their tenant a lifetime lease, entered into an agreement with the City acknowledging this agreement, and received their final condominium approval. After they received their final condominium map and

3

recorded this new property interest against title to their property, they requested that San Francisco waive the lifetime lease requirement. Because San Francisco had already granted the condominium map requested by Plaintiffs, it refused, and notified Plaintiffs that they were in violation of the program requirements. This suit followed.

**3. Legal Issues**

**Plaintiffs' Statement**:

The complaint alleges the following legal issues in the one claim remaining after this Court's October 25, 2022 order :

1. Whether the lifetime lease requirement is an unconstitutional condition and taking of private property

**Defendant's Statement:**

Defendant denies that Plaintiffs can state a claim for relief under any legal theory remaining after this Court's order.  Defendant will challenge the remaining claim on the merits in a motion for summary judgment, or at trial.  The parties will discuss these two options in January, 2023, and report back to the Court with a proposal.

**4. Motion**

There are no pending motions. Plaintiffs have elected not to further amend their complaint in response to the Court's October 22, 2022 order. Defendant anticipates filing a summary judgment motion, and will discuss the briefing, hearing and any discovery needed for such a motion with Plaintiff's counsel and report back to the court with a stipulated proposal as noted above.

**5. Amendment of Pleadings**

Plaintiffs do not intend to further amend the complaint.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of

Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The parties have agreed to stay initial disclosures until February 28, 2023.

**8. Discovery**

The parties have agreed to stay discovery until February 28, 2023.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief**

**Plaintiffs' Position:**

Plaintiffs' complaint request damages in excess of $500,000 resulting from the diminished value of Plaintiffs' property, declaratory relief declaring the lifetime lease requirement unlawful and unconstitutional, injunctive relief enjoining Defendant from enforcing the lifetime lease requirement, and attorney's fees.

**Defendant's Position:**

Defendant denies that Plaintiffs are entitled to any of the relief requested, and further allege that Plaintiffs are in violation of their obligations under local law.

**12. Settlement**

The parties have engaged and continue to engage in settlement discussions. The parties, however, do not request that this Court make an ADR referral at this time.

**13. Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment, at this time.

**14. Other references**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties have discussed the possibility of resolving the remaining claim by cross-motions for summary judgment based on stipulated facts or by a trial on stipulated facts.  The parties believe that it may be possible to reach sufficient stipulations without conducting any discovery.  Alternatively, the parties may be able to agree to limit the scope of needed discovery.   The parties request that they be granted time to see whether those stipulations can be reached and believe that February 15, 2023 is a reasonable deadline to complete those discussions.

**16. Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

**17. Scheduling**

The parties propose the following deadlines:

- Defendants will file their Answer to the First Amended Complaint on or before December 22, 2022.
- The next Case Management Conference should be conducted mid-February 2023.
- Initial disclosures will be due two weeks after the Case Management Conference.

**18. Trial**

Plaintiffs expect to make a jury trial demand after Defendant files its Answer. The parties will determine the expected length of trial after the next Case Management Conference.

**19. Disclosure of Non-party Interested Entities or Persons**

The parties have filed the "Certification of Interested Entities or Persons" on _____.  In the last Case Management Conference Statement, Plaintiffs

previously identified their tenant, Christopher Swita, as a person who may have an interest that could be substantially affected by the outcome of the proceeding.

**20. Professional Conduct.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: November 23, 2022.

          Respectfully submitted,

          JEFFREY W. McCOY
          ROBERT H. THOMAS
          JAMES S. BURLING
          ERIN E. WILCOX
          PAUL F. UTRECHT
          THOMAS W. CONNORS

          By   /s/ Paul F. Utrecht
                   NAME

          Attorneys for Plaintiffs Peyman Pakdel and Sima Chgini

Dated: November 23, 2022

          DAVID CHIU
          City Attorney
          KRISTEN A. JENSEN
          CHRISTOPHER TOM
          Deputy City Attorneys

          By:/s/Kristen A. Jenson
             KRISTEN A. JENSEN

          Attorneys for Defendant

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT JUDGE Richard Seeborg